UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CASSIDY ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-223-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KIOSK MEDICINE KENTUCKY, LLC, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Cassidy Abbott claims employment discrimination under the Kentucky Civil Rights Act ("KCRA") against Defendant Kiosk Medicine Kentucky, LLC. [Record No. 1-1, pp. 9−11] On June 24, 2016, the defendant removed this civil action from the Fayette Circuit Court. [Record No. 1] Following a Show Cause Order [Record No. 5] and the defendant's response, the Court determined that diversity jurisdiction was properly alleged. [Record No. 9] The defendant contends that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. [Record No. 8, p. 1] This assertion is based, in part, on the plaintiff's discovery responses, in which she seeks $75,000.00, in addition to attorney fees. [Record No. 1-3, pp. 2−3]

Abbott has moved the Court to remand the action back to state court.[1] [Record No. 12] In an attached Stipulation, she asserts that she "will not seek or accept an award of damages in excess of $75,000.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." [Record No. 12-1] Based on this stipulation, Abbott argues

---

[1] Plaintiff Abbott has not filed a supporting memorandum, in violation of the Local Rules.

that the case no longer meets the statutory requirements of 28 U.S.C. § 1332. [Record No. 12]

The Court concludes that a response is not needed to the plaintiff's motion. It is true that a case filed in state court is removable only if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) ("[Section] 1441 . . . authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Further, the removing party bears the burden of establishing diversity jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Therefore, a party seeking to invoke federal court jurisdiction has the burden of demonstrating by competent proof that the amount-in-controversy requirement is met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (noting that "[t]his standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement") (internal quotation marks omitted).

Generally, the amount in controversy can be established by reference to the allegations in the Complaint.  However, if the amount of the plaintiff's damages is unclear from this pleading, a defendant may rely upon responses provided in discovery to establish that the jurisdictional damage prerequisite exists.  Here, the defendant has met its burden based on Abbott's unambiguous discovery response that she was, in fact, seeking damages in excess of $75,000.00, exclusive of interest and costs, at the time her Complaint was filed and at the time of removal.  Thus, the question becomes whether a plaintiff may divest the Court of jurisdiction by reducing her damage claims following proper removal by a defendant.  The answer is no.

Events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his or her volition, do not oust the district court's jurisdiction once it has attached.  *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289−90 (1938).  Simply put, a plaintiff cannot defeat federal jurisdiction by agreeing to seek no more than $75,000.00 (the federal jurisdictional limit) *after* the action has been removed to federal court.  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Saint Paul Mercury Indem. Co.*, 303 U.S. at 289−90 ("[E]vents occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) ("We look to the complaint at the time of removal . . . and determine whether the action was properly removed in the first place").  Therefore, without further information indicating that

the amount in controversy did not exceed the jurisdictional minimum at the time of removal, remand is not appropriate. Accordingly, it is hereby

**ORDERED** that Plaintiff Cassidy Abbott's motion to remand [Record No. 12] is **DENIED**.

This 6th day of July, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge